# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(E-Filed:  January 10, 2014)

```
*  *  *  *  *  *  *  *  *  *  *  *  *
CHARLENE CATRON                      *       No. 11-552V
                                     *
              Petitioner,            *       Special Master
                                     *       Hamilton-Fieldman
v.                                   *
                                     *       Attorneys' Fees and Costs;
SECRETARY OF HEALTH                  *       Award in the Amount to Which
AND HUMAN SERVICES,                  *       Respondent Does Not Object
                                     *
              Respondent.            *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

## UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]


On December 2, 2013, Respondent filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter.   Previously, Petitioner informally submitted a draft application for attorneys' fees and costs to Respondent for review.  Upon review of Petitioner's application, Respondent raised objections to certain items.  Based on subsequent discussions, Petitioner amended her application to request $ 22,525.00, an amount to which respondent does not object.  The Court awards this amount.

On August 31, 2013, Charlene Catron filed a petition for compensation alleging that the influenza vaccine, which is contained in the Vaccine Injury Table (the "Table"),

---

[1]     Because this unpublished decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this order on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, "the entire" order will be available to the public. *Id.*

42 C.F.R. §100.3(a), and which she received on January 21, 2010, caused her to suffer Guillain-Barré syndrome ("GBS"). Petitioner received compensation based upon the parties' stipulation. *Decision,* filed January 9, 2014. Because Petitioner received compensation, she is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e).

Petitioner seeks a total of **$22,525.00** in attorneys' fees and costs for her counsel (with no out-of-pocket litigation expenses incurred by Petitioner per General Order #9). Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

> **A lump sum of $22,525.00 in the form of a check made payable to petitioner and petitioner's attorney, Anne C. Toale, of the law firm Maglio, Christopher, Toale & Pitts, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk shall enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.